# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LOHN ERIC E., | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 7191 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ANDREW SAUL, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Lohn Eric E. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying his application for benefits. For the reasons set forth below, the Court reverses the SSA's' decision.

## Background

Plaintiff applied for benefits on June 11, 2014, alleging a disability onset date of May 15, 2011. (R. 86.) His application was denied initially and on reconsideration. (R. 96, 112.) Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on April 28, 2017. (R. 30-84.) In a decision dated October 4, 2017, the ALJ denied plaintiff's claim. (R. 13-25.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff did not engage in substantial gainful activity from the alleged onset date to March 31, 2016, his date last insured ("DLI"). (R. 15.) At step two, the ALJ determined that, through his DLI, plaintiff had the severe impairments of "post-traumatic stress disorder, depression, obesity, sleep apnea, and right knee degenerative joint disease." (*Id.*) At step three, the ALJ found that, through his DLI, plaintiff did not have an impairment or

combination of impairments that met or medically equaled the severity of a listed impairment. (R. 16.) At step four, the ALJ found that, through his DLI, plaintiff was unable to perform any past relevant work but had the residual functional capacity ("RFC") to perform light work with various limitations. (R. 18, 23.) At step five, the ALJ found that, through plaintiff's DLI, jobs existed in significant numbers in the national economy that plaintiff could perform, and thus he was not disabled. (R. 24.)

Plaintiff contends that the ALJ's step five determination was flawed because it was based on faulty testimony from the vocational expert ("VE"). In her hypothetical questions, the ALJ asked the VE if there were jobs in the national economy that an individual like plaintiff, who is limited to "simple, routine, and repetitive tasks," could perform. (R. 78.) The VE said such a person could be, among other things, a photocopying machine operator and an office helper (R. 79-80), which require a reasoning level of 2, *i.e.*, the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." *See* Dictionary of Occupational Titles, 207.685-014, 239.567-010 & App'x C, Components of the Definition Trailer, *available at* https://occupationalinfo.org/contents.html (last visited June 26, 2019). Plaintiff argues that reasoning level 2 is inconsistent with the RFC limitation of simple, routine, and repetitive tasks, which have a reasoning level of 1. *See id.* (stating that jobs that require a reasoning level of 1 require an employee to "[a]pply commonsense understanding to carry out simple one- or two-step instructions" and "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job").

Plaintiff's argument assumes that performing "simple, routine, and repetitive" tasks and "carry[ing] out simple one- or two-step instructions" are synonymous. Though the Seventh

Circuit has not addressed this issue, the Ninth and Tenth Circuits, as well as a number of district courts within this circuit, have concluded that they are not. *See Turner v. Berryhill*, 705 F. App'x 495, 498-99 (9th Cir. 2017) ("The RFC determination limiting Turner to 'simple, repetitive tasks' . . . is compatible with jobs requiring Level 2 reasoning."); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (stating that "a limitation for simple and routine work tasks [is] inconsistent with the demands of level-three reasoning but consistent with the demands of level-two reasoning") (quotation omitted); *Eggleston v. Colvin*, No. 13 C 5208, 2015 WL 2208221, at *5 (N.D. Ill. May 7, 2015) (same); *McCain v. Colvin*, No. 12 C 9652, 2013 WL 6283638, at *7 (N.D. Ill. Dec. 4, 2013) (same); *Masek v. Astrue*, No. 08 C 1277, 2010 WL 1050293, at *22 (N.D. Ill. March 22, 2010) (same). The Court finds the reasoning of these cases persuasive and holds that the RFC limitation for "simple, routine, and repetitive" tasks does not confine plaintiff to jobs with a level one reasoning requirement. Accordingly, the ALJ did not err by relying on the VE's testimony as to the photocopying machine operator and office helper.[1]

Plaintiff also contends that the RFC, which, in part, limits him to simple, routine, and repetitive tasks and precludes him from "fast-paced, high production demands" (R. 18), is flawed because it does not "tether [its] limitations to [plaintiff's] specific reactions to stress" or "account for his concentration difficulties." (Pl.'s Br., ECF 13 at 8-9.) The Court disagrees. The RFC is virtually identical to the recommendations Dr. Speigel made *after* she considered plaintiff's reactions to stress and concentration problems. (*See* R. 868, 870 (Dr. Speigel noting that plaintiff "reports difficulties with attention and concentration," has "a history of trouble establishing and maintaining work and social relationships," has "limited social skills," has "a low frustration

---

[1] The ALJ erred in relying on the VE's testimony that plaintiff could perform the job of mail clerk, which has a level three reasoning requirement. *See* Dictionary of Occupational Titles, 209.687-026 & Components of the Definition Trailer, *available at* https://occupationalinfo.org/contents.html (last visited June 25, 2019). The error is harmless, however, as the ALJ reasonably relied on the VE's testimony as to the other two job titles.

tolerance, loses patience easily, and [has] trouble getting along with others," has "difficulty adapting to changes in routine," "displays impulsive behaviors," has "difficulty regulating his emotions" and "has trouble with personal hygiene"); R. 881 (Dr. Speigel concluding that, because of plaintiff's "difficulty with attention, concentration, and memory," he should not be in a "fast-paced work environment").)  Because plaintiff does not identify any stress- or concentration-related limitations that are not accounted for in the RFC, this claim of error fails.

Plaintiff further argues that the portion of the RFC that says he can "adapt to infrequent changes in the work setting and perform simple decision-making" and "tolerate occasional and superficial interaction with coworkers and supervisors but never interact with the public" (R. 18), is not supported by substantial evidence.  Again, the Court disagrees.  The ALJ gave "great weight" to the opinion of medical expert Gina Spiegel (R. 21-22), who opined that plaintiff had "marked" restrictions in his ability to interact appropriately with the public, supervisors, and co-workers and to adapt to changes in a work setting.  (R. 869.)  Because of these marked restrictions, Dr. Speigel said, plaintiff "would likely benefit from occasional interactions with coworkers, the public, and supervisors."  (R. 881.)  The ALJ concluded from this opinion that plaintiff cannot interact with the public at all but can interact occasionally and superficially with coworkers and supervisors and can adapt to infrequent changes in the work setting.  (R. 18.)  In other words, the RFC is more generous to plaintiff with respect to social interactions than Dr. Spiegel believed was necessary. Thus, though the ALJ does not explain why given plaintiff's marked restriction in all of these areas she only found him to be precluded from contact with the public, because the error benefits plaintiff it is harmless.

Plaintiff says the physical portion of the RFC is flawed as well because it does not include his need for a cane.  This time, the Court agrees.  Plaintiff testified that he started using a cane

before his DLI and continues to use it daily. (R. 59-60, 63-65.) The ALJ acknowledged this testimony and, given that a cane was not included in her hypotheticals to the vocational expert, must have rejected it, but she does not explain why.[2] (R. 20-21, 78-83.) The Seventh Circuit has said that "[t]he ALJ's RFC assessment need[s] to address why [plaintiff's] reported limitations were or were not consistent with the evidence in the record" and "generally discrediting [plaintiff's] testimony without addressing [his] reliance on a cane [does] not satisfy that obligation or build the requisite 'logical bridge' between the evidence and the ALJ's conclusions." *Thomas v. Colvin*, 534 F. App'x 546, 550 (7th Cir. 2013). Accordingly, this case must be remanded for a new subjective symptom evaluation and RFC determination.

## Conclusion

For the reasons set forth above, the Court reverses the SSA's decision and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                                        **ENTERED: July 2, 2019**

*M. David Weisman*
**M. David Weisman**
**United States Magistrate Judge**

---

[2] The ALJ noted that P "had used a cane intermittently throughout the adjudicative timeframe, *but not since 2016.*" (R. 21) (emphasis added). Yet, P testified that he continued to use the cane at least through his hearing date. (R. 59-60, 63-65.) The ALJ does not explain why she rejected plaintiff's testimony and concluded that he stopped using a cane in 2016. In its response, the SSA offers reasons why the ALJ may have reached that conclusion (*see* SSA's Br., ECF 21 at 9-10), but the SSA cannot "defend the [ALJ's] decision on grounds that the [ALJ] . . . [did] not embrace[]." *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010).